UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2016 APR 25 AM 9: 36

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Crim. No. 2:16-CR-59 |
| SALLY KIRBY, | ) (18 U.S.C. § 513(a)) |
| Defendant. | ) |

## INFORMATION

The United States Attorney charges:

1. Hunger Free Vermont, Inc. is a non-profit educational and advocacy organization which provides nutrition education and access to nutrition programs to Vermont's children, families and communities.

2. Between 2004 and November 2015, the defendant SALLY KIRBY was the Director of Finance at Hunger Free Vermont. KIRBY'S duties included accounts payables, payroll, financial statements and grant allocations.

3. At all times material to this information, Hunger Free Vermont maintained checking accounts at Merrill Lynch/Bank of America, Citizens Bank and/or Northfield Savings Bank. KIRBY was not an authorized signer on the accounts.

1

4. Beginning no later than June 2009 and continuing at least until September 2015, KIRBY embezzled approximately $165,000 from Hunger Free Vermont. She did this primarily by issuing unauthorized checks to herself which were drawn against Hunger Free Vermont's Merrill Lynch/Bank of America account and then forging the signature of the executive director on the checks. KIRBY deposited many of these unauthorized checks into a personal bank account she maintained at North Country Federal Credit Union.

5. KIRBY attempted to conceal her embezzlement by altering some of the entries in Hunger Free Vermont's accounting system to make it appear that checks she had issued to herself were actually checks given to vendors.

## COUNT 1

6.  On numerous dates between 2009 and September 2015, in the District of Vermont, the defendant SALLY KIRBY, with intent to deceive another person and organization, made and uttered forged securities of an organization, to wit, checks drawn against Hunger Free Vermont's Merrill Lynch/Bank of America, Citizens Bank and Northfield Savings Bank accounts.

(18 U.S.C. § 513(a))

**FORFEITURE NOTICE**

7.  The allegations of this information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

8.  Upon conviction of the offense in Count 1, the defendant SALLY KIRBY shall forfeit to the United States any property constituting, or derived from, proceeds traceable to such violation. The property to be forfeited includes, but is not limited to, the following:

   (a) United States funds in the amount of $165,000 obtained as a result of the violation.

9.  If any of the property described above, as a result of any act or omission of the defendant:

   1) cannot be located upon the exercise of due diligence;

   2) has been transferred or sold to, or deposited with, a third party;

   3) has been placed beyond the jurisdiction of the court;

   4) has been substantially diminished in value; or

   5) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

*Eric S. Miller*
ERIC S. MILLER (GLW)
United States Attorney

Burlington, Vermont
April 22, 2016